UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TIMOTHY E. CARTER                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:12CV336TSL-MTP

ALLSTATE INSURANCE COMPANY                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Allstate Insurance Company for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Timothy E. Carter has not responded to the motion. The court, having considered Allstate's memoranda of authorities, together with authorities, submitted in support of its motion, concludes the motion is well taken and should be granted.

Plaintiff was involved in an automobile accident with an underinsured motorist, Lamarcus Brown, on April 26, 2009. Plaintiff alleges that the accident and his resulting injuries were solely the result of Brown's negligence in operating his motor vehicle. At the time of the accident, plaintiff was insured under a policy of automobile insurance issued by Allstate. He filed the present action seeking to recover benefits under the policy and also demanding punitive damages for Allstate's alleged bad faith "failure to promptly investigate [his] underinsured motorist claim, its failure to unconditionally tender the amount

of underinsured motorist benefits that it felt were sufficient to compensate Mr. Carter for his underinsured claim, and its failure to tender any amounts pursuant to the Medical Payments portion of the policy."[1] Allstate seeks summary judgment only as to plaintiff's bad faith claim, in support of which it argues, and has presented proof establishing that it made repeated requests of plaintiff for medical bills for treatment relating to injuries sustained in the accident; that plaintiff initially failed for nearly eleven months to provide such medical bills to Allstate (which he first did on March 22, 2010); that after complete information was finally provided two months later, Allstate made an initial offer of settlement of $13,662 on June 16, 2010, which plaintiff rejected on August 31, 2010; and that Allstate made a subsequent settlement offer of $16,000 on September 10, 2010, which plaintiff also rejected.[2]

---

[1]  Allstate appears to interpret plaintiff's complaint as asserting a bad faith claim based solely on its alleged failure to tender payment under the medical payments coverage of the policy. In the court's opinion, such a narrow view of plaintiff's bad faith claim is unwarranted. However, the evidence adduced by Allstate establishes that summary judgment is in order not only as to that part of plaintiff's bad faith claim relating to the handling of the medical payments claim but that Allstate is entitled to summary judgment as to all of his allegations of bad faith.

[2]  The court notes that in response to Allstate's first offer, plaintiff made a counteroffer to settle his claim for $200,000. After the second offer, he countered with an offer to settle for $100,000.

2

The record evidence establishes that contrary to plaintiff's allegations, Allstate did not fail to promptly investigate plaintiff's claim and that it has never denied plaintiff's claims under the policy. Instead, it appears that after plaintiff's own lengthy delay in providing information needed by Allstate to evaluate his claim for benefits, including medical payments, Allstate attempted to resolve plaintiff's claims by offering amounts which it contended were sufficient to compensate plaintiff for the injuries he received as a result of the accident. Although plaintiff obviously considered Allstate's offers inadequate, it is clear the dispute between the parties was and is a "pocketbook dispute" which does not constitute bad faith.

> Before a punitive damages claim is allowed to be presented before the jury, the dispute between the parties must be more than a legitimate pocketbook dispute. Prudential Prop. & Cas. Ins. Co. v. Mohrman, 828 F. Supp. 432, 441 (S.D. Miss. 1993); Evangelista v. Nationwide Ins. Co., 726 F. Supp. 1057, 1059 (S.D. Miss. 1988) (citing Magee v. Sheffield Ins. Co., 673 F. Supp. 194, 198 (S.D. Miss. 1987)); Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So. 2d 954, 972 (Miss. 1999); see also Vaughn v. Monticello Ins. Co., 838 So. 2d 983, 988 (Miss. Ct. App. 2001). "While most 'legitimate pocketbook disputes' generally have involved a dispute between the insured and insurer as to the amount that should be paid for property damage," this Court finds the doctrine similarly applicable to the case at bar. Evangelista, 726 F. Supp. at 1059. The plaintiff's injuries are of the intangible nature which are not easily calculable. Thus, the defendant's offer, of a sum of money with which the plaintiff does not agree, is not bad faith.

Pulliam v. Allstate Ins. Co., No. 1:07CV92-SA-JAD, 2008 WL 603313, 2-3 (N.D. Miss. Oct. 15, 2008).

Accordingly, it is ordered that Allstate's motion for partial summary judgment is granted.

SO ORDERED this 4th day of January, 2013.

                                             _____
                                             UNITED STATES DISTRICT JUDGE